UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIE GIBBS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No.  4:09CV537 TIA |
| | ) | |
| CHRIS KOSTER, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER AND MEMORANDUM**

This matter is before the Court on Willie Gibbs' pro se Petition for Writ of Habeas Corpus under 28 U.S.C.  § 2254.  All matters are pending before the undersigned United States Magistrate Judge, with the consent of the parties, pursuant to 28 U.S.C. § 636(c).

**I.  Procedural History**

On October 7, 2004, Petitioner was convicted by a jury in the Circuit Court of the City of St. Louis of attempted forcible rape, kidnapping, two counts of robbery, four counts of armed criminal action, attempted victim tampering, and stealing under $500.00.  (Legal File, Resp. Exh. B at 82-91). The St. Louis City Circuit Court sentenced him on November 18, 2004, as a prior offender to twenty years imprisonment on the attempted rape count, suspended ten-year sentences on each of the robbery counts, 314 days on the stealing under $500 count, and seven years imprisonment on each of the remaining counts, to be served consecutively to the sentence on the attempted rape count and concurrently with each other; the entire sentence to be served concurrently with any sentence in other jurisdictions.  (Id. at 101-07).  On April 18, 2006, the Missouri Court of Appeals affirmed Petitioner's convictions and sentence finding that the trial court did not err in overruling his objection that statements in the State's closing argument misstated the evidence; and that trial court did not plainly

err in failing to take *sua sponte* action to prevent the State from personalizing its argument to the jury.  (Resp. Exh. E).  Petitioner did not seek further review in the Missouri Supreme Court, and his time for doing so expired on May 3, 2006.  See Missouri Rule 83.02.  The Missouri Court of Appeals issued its mandate on May 16, 2006.  (Resp. Exh. F).

On August 11, 2006, Petitioner filed a pro se Motion to Vacate, Set Aside or Correct the Judgment or Sentence pursuant to Rule 29.15.  (Resp. Exh. H at 3-8).  Appointed counsel filed an Amended Motion to Vacate, Set Aside or Correct the Judgment pursuant to Rule 29.15 on November 30, 2006.  (Id. at 13-38).   On January 8, 2008, the post-conviction motion court denied relief after an evidentiary hearing holding his claims to be without merit.  (Id. at 105-12).  On appeal, Petitioner raised two claims for relief, the post conviction relief court erred in denying his motion because his trial counsel was ineffective for failing to call alibi witnesses and for failing to object when the prosecutor improperly personalized her closing argument to the jury by asking the jurors to place themselves in the victim's shoes at the time the offenses were committed.  The Missouri Court of Appeals affirmed the denial of relief, (Resp. Exh. K).  Petitioner pursued no other action for review of his convictions and sentence.

On April 7, 2009, this Court received a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, accompanied by Petitioner's application to proceed in forma pauperis ("IFP").  The petition and application bear Petitioner's signature dated April 2, 2009.  On April 10, 2009, Petitioner's application to proceed IFP was granted.  Respondent was thereafter ordered to show cause why the claims for relief as set out in Petitioner's  petition should not be granted.  In response, Respondent contends that the grounds for relief in the petition are either procedurally barred or not cognizable in federal habeas proceedings.

- 2 -

Petitioner is currently incarcerated pursuant to the sentence and judgment of the Circuit Court of St. Louis City.  In the instant petition for writ of habeas corpus, Petitioner raises three grounds for relief:

>  (1)    That the trial court erred in overruling his trial counsel's objections in the State's closing arguments;

>  (2)    That trial counsel was ineffective for failing to call Venita King and Ebony Gibbs as alibi witnesses; and

>  (3)    That trial counsel was ineffective for failing to object when the prosecutor personalized her closing argument.

In response, Respondent contends that Petitioner has exhausted his claims inasmuch as they have been properly raised in the state courts or because Petitioner has no available non-futile state remedies by which he could present these claims.

**A.    Claims Addressed on the Merits**

Section 2254(d)(1) requires federal habeas courts to test the determination of state courts "only against 'clearly established Federal law, as determined by the Supreme Court of the United States,'" and prohibits the issuance of a writ of habeas corpus "unless the state court's decision is 'contrary to, or involved an unreasonable application of,' that clearly established law." Williams v. Taylor, 529 U.S. 362, 379 (2000).  The federal law must be clearly established at the time petitioner's state conviction became final, and the source of doctrine for such law is limited to the United States Supreme Court. Id., 529 U.S. at 380-83.

A state court's decision is "contrary to" clearly established law if "it applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases, or if it confronts a set of facts that is materially indistinguishable from a decision of [the Supreme Court] but reaches a different

result." <u>Brown v. Payton</u>, 544 U.S. 133, 140 (2005).  A decision involves an "unreasonable application" of clearly established law if "the state court applies [the Supreme Court's] precedents to the facts in an objectively unreasonable manner." <u>Id.</u> at 1439; <u>Williams</u>, 529 U.S. at 405.  "Federal habeas relief is warranted only when the refusal was 'objectively unreasonable,' not when it was merely erroneous or incorrect." <u>Carter v. Kemna</u>, 255 F.3d 589, 592 (8th Cir. 2001) (quoting <u>Williams</u>, 529 U.S. at 410-11).

Under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), federal courts review state court decisions under a deferential standard. <u>Owens v. Dormire</u>, 198 F.3d 679, 681 (8th Cir. 1999).  A federal court may not grant habeas relief unless the claim adjudicated on the merits in state court  "'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" <u>Id.</u> (quoting 28 U.S.C. § 2254(d)(1)).  Findings of fact made by a state court are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).  <u>See</u> <u>also</u> <u>Gee v. Groose</u>, 110 F.3d 1346, 1351 (8th Cir. 1997) (state court factual findings presumed to be correct where fairly supported by the record).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." <u>Williams v. Taylor</u>, 529 U.S. 362, 412-413 (2000).  With regard to the "unreasonable application" clause, "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." <u>Id.</u> at 413; <u>see</u> <u>also</u> <u>Bucklew v. Luebbers,</u> 436 F.3d 1010, 1016 (8th Cir. 2006);

- 4 -

Rousan v. Roper, 436 F.3d 951, 956 (8th Cir. 2006).  In other words, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather that application must also be unreasonable."  Williams, 529 U.S. at 411.

As an initial matter, the undersigned notes that the Missouri Court of Appeals summarized the facts regarding the issue on appeal:

> Defendant does not contest the sufficiency of the evidence.  Viewed in the light most favorable to the verdict, the evidence at trial establishes that defendant, accompanied by two companions, approached the victim at gunpoint, forced her to lied face down in the back seat of her automobile, drove the automobile to a park where he attempted to rape her, and left her in the park after taking her automobile, money from her purse, and personal items.

(Resp.  Exh. E at 2).  Inasmuch as Petitioner does not rebut these factual findings by clear and convincing evidence, they are presumed to be correct.  28 U.S.C. § 2254(e)(1).

### 1.   **Ground 1**

In Ground 1 of the instant petition, Petitioner claims that hat the trial court erred in overruling his trial counsel's objections in the State's closing arguments.

Petitioner raised this claim on direct appeal of his conviction.  (Resp. Exh. C at 11-20).  The Missouri Court of Appeals denied Petitioner's claim finding that the trial court did not abuse its discretion inasmuch as the prosecutor did not misstate the evidence.  (Resp. Exh. E at 3-4).  In relevant part, the Missouri Court of Appeals opined as follows:

> In rebuttal portion of closing argument, the prosecutor argued that defendant made the victim take off her clothes and suggested that victim and another witness, James Chineth, so testified.  Defendant objected on grounds that this argument misstated the evidence because victim had not testified that *defendant* had done that but that *someone* had done it.  The court overruled the objections, stating, "Argument is meant to persuade.  You can accept or reject any argument."

We will not overturn a trial court's ruling absent an abuse of discretion that results in prejudice to defendant.  We will not find an abuse of discretion unless "'prosecutor's statements are plainly unwarranted and clearly injurious to the defendant.'"

In this case, the trial court did not abuse its discretion because the prosecutor did not misstate the evidence.  Victim testified that someone took her from the car, made her take her clothes off, bent her over a guardrail, and attempted to rape her.  Mr. Chineth testified that defendant took victim from the car and, the next time he looked, defendant had her bent over a guardrail and was trying to rape her, and victim was undressed.  Although victim did not know that the perpetrator was defendant, Mr. Chineth testified that the person who committed the acts was defendant.  The prosecutor did not misstate the evidence when he argued that defendant did the acts described and that both witnesses' testimony supported that conclusion.

(Resp. Exh. E at 3) (internal citations omitted).

The Missouri Court of Appeals further opined that even if the argument could be construed as a misstatement of the victim's testimony, the argument did not rise to the level of reversible error because the challenged statement could not have had a decisive impact on the jury's verdict.  (Resp. Exh. E at 3-4).  In relevant part, the Missouri Court of Appeals opined as follows:

Mr. Chineth testified that defendant was the perpetrator; the challenged statement was brief and not repeated; just prior to closing arguments, the trial court had instructed the jury that counsels' arguments were not evidence; the trial court reminded the jury that they could accept or reject any argument when it overruled the objection; and the prosecutor went on to explain that defendant was identified by other witnesses and that victim "never saw [defendant] throughout this entire assault."  Accordingly, defendant was not prejudiced.  The trial court did not abuse its discretion in overruling defendant's objection.

(Resp. Exh. E at 3-4) (internal citations omitted).

Improper closing argument violates due process when the argument is so egregious that it renders the entire trial fundamentally unfair.  See Darden v. Wainwright, 477 U.S. 168, 181 (1986); Pollard v. Delo, 28 F.3d 887, 890 (8th Cir. 1994).  To decide whether improper argument violates

- 6 -

due process, the Supreme Court held that "it is not enough that the prosecutors' remarks were undesirable or even universally condemned," but rather, "[t]he relevant question is whether the prosecutors' comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" Darden, 477 U.S. at 181 (quoting Donnelly v, DeChristoforo, 416 U.S. 637, 643 (1974)). "Federal habeas relief should only be granted if the prosecutor's closing argument was so inflammatory and so outrageous that any reasonable trial judge would have sua sponte declared a mistrial." James v. Bowersox, 187 F.3d 866, 869 (8th Cir. 1999). Indeed, the Eighth Circuit Court of Appeals has found that it has "an exceptionally limited review of this issue" due to the strict due process standard of constitutional review, the deferential standard mandated by the AEDPA, and the court's less reliable vantage point for gauging the impact of closing argument on the overall fairness of a trial. Id.

At the time Petitioner's conviction became final, the law was clearly established that a prosecutor's misconduct violates due process if the defendant was prejudiced by the prosecutor's actions to the extent that the proceeding was fundamentally unfair. Donnelly v. DeChristoforo, 416 U.S. 637 (1974). "[T]he touchstone of due process analysis in cases of alleged prosecutorial misconduct is the fairness of the trial, not the culpability of the prosecutor." Smith v. Phillips 455 U.S. 209, 219 (1982).

Petitioner raised this claim on direct appeal, and, after consideration of the claim, the Missouri Court of Appeals denied Petitioner relief finding no claim of error establishing a manifest injustice or an exceptional circumstance inasmuch as the prosecutor did not misstate the evidence. (Resp. Exh. E at 3-4). Inasmuch as Petitioner does not challenge the factual findings made by the state court, such findings are presumed to be correct. 28 U.S.C. § 2554(e)(1).

- 7 -

A review of the record herein does not demonstrate that the prosecutor's remarks were so egregious as to fundamentally infect the entire trial or pervasive enough to render the result of the trial unreliable.  Even assuming arguendo that the prosecutors' comments were improper, it cannot be said that the comments rose to the level of a constitutional violation or that absent such comments, the jury could not have returned a guilty verdict.  See Brecht v. Abrahamson, 507 U.S. 619, 637 (1993) (on a habeas petition, the court's review of any improper reference is to determine whether it had a "substantial and injurious effect or influence in determining the jury's verdict") (quoting Kotteakos v. United States, 328 U.S. 750, 776 (1946)).  Therefore, because Petitioner has failed to demonstrate that the prosecutor's comments rendered his entire trial fundamentally unfair, the claims raised in Ground 1 of the instant petition is without merit.

Inasmuch as the Missouri Court of Appeals determined that Petitioner failed to demonstrate that, absent the prosecutor's comment, the verdict would have been different, it cannot be said that its determination runs "contrary to" clearly established law that the determination whether to grant a mistrial is within the sound discretion of the trial court.  Petitioner offers no evidence that the prosecutor's comments influenced the outcome of the trial or that the comments produced a fundamentally unfair trial or resulted in a violation of Petitioner's due process rights.  As such, Petitioner has failed to establish any grounds that would necessitate a mistrial.  Nor can it be said that the Missouri Court of Appeals' determination constitutes an unreasonable application of this clearly established law.  Therefore, the claims raised in Ground 1 of the instant petition should be denied.

**2.** **Ground** 2

In Ground 2 of the instant petition, Petitioner argues that trial counsel was ineffective for failing to call Venita King and Ebony Gibbs as alibi witnesses.

In his post-conviction motion and appeal, Petitioner claimed ineffective assistance of trial counsel for failing to call alibi witnesses Venita King and Ebony Gibbs.

Petitioner raised this claim in his motion for post-conviction relief and on appeal of the denial of the motion.  (Resp. Exh. H at 15-25; Resp. Exh. I at 21-34).  Petitioner raised this claim in his post-conviction relief motion and in denying the claim, the post-conviction court opined as follows:

Movant testified in his deposition that he had been represented at trial by Nancy Pew.  He said he told her he had alibi witnesses who would have been willing to testify that at the time of the alleged crimes he had been at a birthday party being given for him.  His birthday was September 13th, the party was during the evening of September 16, 2007, and the crimes occurred in the early morning of the 17th.  When asked why the party was on the 16th rather than the 13th, he said they had other things to do so they put it off.  He said there were a lot of family members at the party, including his brother Matthew Jackson, his mother-in-law Tonette King, his daughters Whitley and Ebony Gibbs and his girl-friend Venita King.  The party started around nine or ten in the evening and lasted until the early morning of the following day.  Some of the witnesses were at the party but they left before midnight.  After the party he and Venita cleaned up.  Movant said he gave the names of the witnesses to his attorney, told her what they would have said and gave her addresses and phone numbers so that they could be contacted.  During cross-examination he said he had been self-employed as a mechanic and none of the other persons at the party had been employed.  He also acknowledged he did not complain about his attorney when he had been questioned following sentencing.

Nancy Pew, movant's trial attorney, testified in her deposition that movant told her he had been at a birthday party at the time of the crimes.  Movant gave her the names of Venita King, his girl-friend, and Ebony, his daughter but he did not provide the names of Matthew Jackson and Tonette King.  She discussed the alibi defense with movant on several occasions, she filed a notice of alibi and Venita King was present at the trial.  She did not call Ebony as an alibi witness because the crimes occurred after midnight and Ebony could only say that she had been with movant up until midnight.  Ms. Pew did not call Venita King because she does not believe such a witness, a girl-friend, is productive "and sometimes give the prosecutor more to argue against the defendant."  She thought that presenting the testimony of Venita King as well as the testimony of movant, who had several priors, would have extremely weakened the defense.  She also had concerns because the gun that had been used was found in her residence as was the pool cue that was stolen from the victim.  On one occasion when Ms. King was being questioned by the police she did

- 9 -

not know whether movant raped the victim or not, and she never mentioned the birthday party to the police.

***

      Venita King testified in her deposition that they had a party for movant's birthday that went from 8 p.m. to around 2:30 the next morning.  She could not remember the date.  Among those present at the party were her mother, Tonette King, movant's daughter Ebony and other family members.  She said they had the party on Monday night instead of on Friday, his birthday, because "we had to get the money and we cooked food and everything for his birthday."  She never saw him leave during the party.  She said movant told her before the trial that he might need her for a witness but she did not attend the trial because she went to the wrong courtroom.  She could not remember what they had done on his actual birthday or what they had done on the days between his birthday and the party.

      Tonette King said she had been at the party up until around 2:30, and she never saw movant leave.  When she spoke with movant prior to his trial he never asked her about being a witness for his attorney.  She could not remember the day of the week the party was on but she thought it was on his birthday and it was on the weekend.  She said her grandchildren had been there and that they would not have had a party that went that late when the kids were in school during the week.

      Ebony Gibbs testified that they did not have the party on movant's birthday because they had done something else on that date.  She never saw movant leave during the party.  She did not go to her father's trial because she did not know about it; nobody told her about it.

      The Court finds movant's claim is without merit because his trial attorney had valid strategic reasons for not calling Ebony Gibbs and Venita King and she had no knowledge of the other witnesses.  The Court further notes that the alibi would not have been entirely credible considering the date of the crimes, the actual date of movant's birthday and the testimony of his mother that the party would not have been on a weeknight when the children were in school.

(Resp. Exh. H at 165-66;167-69; 170).

After review of the merits of the claim, the Missouri Court of Appeals denied  the post-conviction relief.  (Resp. Exh. K at 4-7).  In particular, the Missouri Court of Appeals noted in its written decision:

      In his first point, Movant argues the motion court clearly erred in denying his Rule 29.15 motion for post-conviction relief because Movant's counsel was

- 10 -

ineffective for failing to call alibi witnesses Venita King and Ebony Gibbs. We disagree.

To prevail on his claim of ineffective assistance of counsel, Movant must show first that his counsel's representation fell below an objective standard of reasonableness, and second that his counsel's deficient performance prejudiced his defense such that, but for the ineffective representation, the result would have been different. Bolden v. State, 171 S.W.3d 785, 787 (Mo. App. W.D. 2005).

To establish ineffectiveness of trial counsel for failing to call a witness, a movant must show that the witness could have been located by reasonable investigation, that the witness would testify if called, and that the testimony would provide a viable defense. Evans v. State, 239 S.W.3d 191, 194 (Mo. App. S.D. 2007). Further, to receive relief for trial counsel's failure to call a witness, a movant must show that had the witness testified the outcome may have been different and trial counsel's failure to call the witness was something other than trial strategy. Id. The selection of witnesses and evidence are matters of trial strategy and are virtually unchallengeable in an ineffective assistance claim. Id. Trial counsel has wide latitude in matters regarding trial strategy. Id.

The credibility of witnesses is the province of the motion court in post-conviction proceedings. Miller v. State, 260 S.W.3d 393, 396 (Mo. App. W.D. 2008). We defer to credibility determinations of the motion court. Id. The motion court is not required to believe the testimony of a movant or any other witness at an evidentiary hearing even if it is not contradicted. Coleman v. State, 256 S.W.3d 151, 155-56 (Mo. App. W.D. 2008).

Movant's counsel testified in her deposition that she discussed alibi defenses with Movant at least six or seven times, and she also testified that she explained her reasons for not calling Ebony Gibbs and Venita King to testify to Movant and Movant did not object. Further, Movant's counsel waived her opening statement so that she could hear the testimony of the other two men involved in the crimes before making her ultimate determination of trial strategy, and, in particular, her decision not to present an alibi defense.

Movant's counsel testified she did not call Ebony Gibbs because she could only account for Movant's whereabouts up until midnight and the offense occurred after midnight. However, Movant points to Ebony Gibbs' testimony in her deposition that Movant was home during the early morning hours of September 17, 2002 because she was there. Movant contends Ebony testified that they held a birthday party for Movant, which ended at 2:00 a.m., but then they cleaned up and did not go to bed at 3 or 4 a.m. on the night in question contradicts Movant's testimony that she went to bed early. Ebony Gibbs could not have provided an alibi for Movant because

- 11 -

according to Movant she was asleep when the crimes were committed.

Movant's counsel also testified she did not call Venita King to testify because she believes in many cases alibi witnesses, especially as in this case, when there is only one witness and is the girlfriend with whom the defendant is living, are not very productive and sometimes give the prosecutor more to argue against the defendant. Movant's counsel stated she thought a stronger issue and argument was the argument that the two other men who were testifying against him were, in fact, the two that were involved, and Movant was not involved.  Further, Movant's counsel noted Venita King had said a few things could be damaging to Movant's case, including the fact that the pool cue stolen from the victim was located with her belongings eight or nine months after the crimes occurred and Venita King could be cross-examined about that.  Further, Movant's counsel testified the gun that was used in the crimes was found in Venita King's residence, and she was concerned about a statement Venita King made to the police stating "she didn't know if he raped her or not, that she had always made herself available to him sexually," and this statement was made more problematic because Venita King did not say anything to the police about the timing of the crimes and Movant's attendance at the birthday party.

Movant points to Venita King's testimony in her deposition that the birthday party did not end until 2:30 or 3 a.m.  Further, Movant contends Movant's counsel did not avoid the introduction of evidence of the location of the pool cue and the gun because the prosecution bought that evidence in through other witnesses.  However, Movant's counsel's concern was not that these items would be admitted, but that Venita King would be cross-examined regarding them.

The motion court found Movant's claim was without merit because Movant's counsel had valid strategic reasons for not calling Ebony Gibbs and Venita King.  The motion court noted further that the alibi of Movant being at the birthday party would not have been entirely credible considering the date of the crimes, the actual date of Movant's birthday, and the testimony of Venita King's mother, Tonette King, that the birthday party would not have been a weeknight when the children were in school.

We find the motion court did not clearly err in concluding Movant's counsel did not call Ebony Gibbs and Venita King as a matter of trial strategy and also because they would not have provided a viable defense because, as the motion court found, their testimony was not "entirely credible."  Further, the decision not to call a witness the testimony of which counsel believes would not unqualifiedly support the defense is virtually unchallengeable on a claim of ineffective assistance of counsel. Schmedeke v. State, 136 S.W.3d 532, 534 (Mo. App. E.D. 2004).

Therefore, the motion court did not clearly err in denying Movant's Rule 29.15 motion for post-conviction relief because Movant's counsel was not ineffective

for failing to call alibi witnesses Venita King and Ebony Gibbs.  Point denied.

(Resp. Exh. K at 4-7).

The state court's rejection of Petitioner's claims constituted adjudication on the merits of those claims and must be reviewed under the deferential provisions of 28 U.S.C. § 2254(d)(1). Section 2254(d)(1) requires federal habeas courts to test the findings of state courts only against clearly established federal law, as determined by the Supreme Court of the United States.  Further, § 2254(d)(1) prohibits the issuance of a writ of habeas corpus unless the state court's decision is contrary to, or involved an unreasonable application of that clearly established law.  Williams v. Taylor, 529 U.S. 362, 379 (2000).  The federal law must be clearly established at the time Petitioner's state conviction became final, and the source of doctrine for such law is limited to the United States Supreme Court.  Id. at 380-83.

A state court's decision is contrary to clearly established Supreme Court precedent when it is opposite to the Court's conclusion on a question of law or different than the Court's conclusion on a set of materially indistinguishable facts.  Williams, 529 U.S. at 412-13; Carter v. Kemna, 255 F.3d 589, 591 (8th Cir. 2001).  A state court's determination is an unreasonable application of Supreme Court precedent if it unreasonably refuses to extend a legal principle to a new context where it should apply.  Carter, 255 F.3d at 592 (citing Williams, 529 U.S. at 407).  "Federal habeas relief is warranted only when the refusal was 'objectively unreasonable,' not when it was merely erroneous or incorrect."  Id. (quoting Williams, 529 U.S. at 410-11).

At the time Petitioner's conviction became final, the law was clearly established that the Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel.  Strickland v. Washington, 466 U.S. 668, 687 (1984).  To prevail on a claim of ineffective assistance of counsel,

- 13 -

a habeas petitioner must show that 1) his counsel's performance was deficient, and 2) the deficient performance prejudiced his defense.  Id.  In evaluating counsel's performance, the basic inquiry is "whether counsel's assistance was reasonable considering all the circumstances."  Id. at 688. Petitioner must show that his attorney's errors were so serious that they deprived him of his Sixth Amendment right to counsel and denied him his right to a fair trial.  Id.  Judicial scrutiny of counsel's performance must be highly deferential, and the petitioner must overcome the "strong presumption" that the challenged action might be considered sound trial strategy.  Id. at 689.  "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from the counsel's perspective at the time."  Id.  In deciding a claim of ineffective assistance of counsel, the court must examine the specific "acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment," and then "determine whether, in light of all of the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance."  Id. at 691.  In order to satisfy the prejudice prong, Petitioner must demonstrate that there is a reasonable probability that, but for counsel's errors, the result would have been different.  Id. at 694.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.  Id.

The Missouri Court of Appeals set out the Strickland standard for ineffective assistance of counsel and noted how "the selection of witnesses and evidence are matters of trial strategy and are virtually unchallengeable in an ineffective assistance claim."  (Resp. Exh. K at 4).  In particular, the Missouri Court of Appeals found no prejudice to Petitioner inasmuch as counsel "had valid strategic reasons for not calling Ebony Gibbs and Venita King" ... "also because they would not have provided

a viable defense because, as the motion court found, their testimony was not 'entirely credible.'" (Resp. Exh. K at 6-7).

The state court's decision denying Petitioner relief is well based on law and fact. This Court is unaware of any "clearly established Federal law, as determined by the Supreme Court of the United States" of which the court's decision runs afoul, nor has petitioner demonstrated such. Therefore, it cannot be said that the state court's adjudication of the instant claim "resulted in a decision that was contrary to, or involved an unreasonable application of," clearly established federal law. 28 U.S.C. §2254(d)(1). Neither has Petitioner shown that the court's determination "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). As such, the instant claim should be denied. 28 U.S.C. §2254(d).

Based on the above, the state court's decision denying Petitioner relief is well based on law and fact. This Court is unaware of any "clearly established Federal law, as determined by the Supreme Court of the United States" of which the court's decision runs afoul, nor has Petitioner demonstrated such. Therefore, it cannot be said that the state court's adjudication of the instant claims "resulted in a decision that was contrary to, or involved an unreasonable application of," clearly established federal law. 28 U.S.C. §2254(d)(1). Neither has Petitioner shown that the court's determination "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). As such, the instant claim should be denied. 28 U.S.C. §2254(d).

3.    **Ground 3**

In Ground 3 of the instant petition, Petitioner claims that trial counsel was ineffective for failing to object when the prosecutor personalized her closing argument to the jury by asking the jurors to place themselves in the victim's shoes at the time the offenses were committed.

Petitioner raised this claim in his motion for post-conviction relief and on appeal of the denial of the motion.  (Resp. Exh. H at 13-19 ;Resp. Exh. I at 35-43).  After review of the merits of the claim, the Missouri Court of Appeals denied Petitioner relief finding that his trial counsel was not ineffective for failing to object.  (Resp. Exh. K at 7-10).

In particular, the Missouri Court of Appeals noted in its written decision:

> Initially, we note the State argues Movant alleged in the direct appeal that the trial court plainly erred in failing to *sua sponte* prevent the prosecutor from personalizing argument to the jury.  The court's order in Movant's direct appeal concludes "no error of law appears."  Thus, even though the court in the direct appeal was reviewing for plain error; it went further by deciding that "no error of law appears" because the implication of such a statement is that no error of law appears plain or otherwise.  A finding of no error precludes a finding of prejudice in an ineffective assistance of counsel claim.

> However, assuming *arguendo* that we can review Movant's claim of error, we find the motion court did not clearly err.  In her closing argument, the prosecutor stated:

>> Think about what [the victim] went through that morning.  Think about what it must have been like to be a 5-foot-two petite woman having a gun put in your face and being robbed.  Think about Lisa laying face down on the sidewalk with the gun held on her.  Think about Lisa being forced into her car at gun point on to the floor board without being able to see anything.
>> Think about the [Movant] running his hands over [the victim's] back.  At that time [the victim] realized this was not just a robbery, it wasn't going to get any better.  Think about [the victim] being walked into a dark wooded park in the middle of the night not having any idea what was going to happen while someone was holding a gun on her.
>> Think about her being made to take her clothes off and bend over that guardrail.  Think about [the victim] having to endure this man trying

- 16 -

to put his penis inside of her while having a gun.  Think about her
being left alone, crying in the park, dark, dirty park.  And think about
having to flag down a stranger while you're half naked because you
can't find your clothes where you were left.

Now, think about [the victim].  She had to tell her friends what
happened to her.  She had to tell the police, the prosecutor, the Grand
Jury, and finally, finally, two years later she's telling you.

The motion court had Movant's counsel's deposition taken with respect to
this claim as well.  Movant's counsel testified she found other parts of the closing
argument more prejudicial, but she could have objected to the argument in question
and did not remember if she had any trial strategy reasons for not doing so.

The motion court stated it did not believe "the argument here where the
prosecutor asked the jury to consider what the victim went through and what the
perpetrator did to her, and only briefly asked the jury to put themselves in her
position, was so improper and so prejudicial as to support a finding that [M]ovant
suffered a substantial deprivation of the right to a fair trial."

To prevail on this claim, Movant must show that his counsel's objections
would have been upheld if made and that the failure to object resulted in a substantial
deprivation of his right to a fair trial.  Glass v. State, 227 S.W.3d 463, 473 (Mo. banc
2007).  Counsel is not ineffective for failing to make non-meritorious objections.  Id.
Further, counsel's failure to object during closing argument is generally not error, but
is a function of trial strategy.  Id.

The trial court retains broad discretion in controlling the scope of closing
argument and the court's rulings will be cause for reversal only upon a showing of
abuse of discretion resulting in prejudice to the defendant.  State v. White, 247
S.W.3d 557, 563 (Mo. App. E.D. 2007).  Improper personalization in closing
argument occurs when the argument suggests a personal danger to the jurors or their
families, and arguing for jurors to place themselves in the position of a party or a
victim is also improper personalization that can only arouse fear in the jury.  Jameson
v. State, 125 S.W.3d 885, 891 (Mo. App. E.D. 2004).

Even where the prosecutor's argument is improper, reversal is appropriate
only if it is established that the comment of which a defendant complains had a
decisive effect on the jury's determination.  State v. Matchett, 69 S.W.3d 493, 499
(Mo. App. S.D. 2001).

In this case, the prosecutor merely asked the jurors to think about the victim
having to endure and go through this situation.  The only point at which the

- 17 -

prosecutor asked the jurors to put themselves in the victim's shoes was when the prosecutor said "and think about having to flag down a stranger while you're half naked because you can't find your clothes where you were left." However, the argument that this instance improperly personalized the argument to the jury is debatable. It has been held that the use of the word "you" during closing argument does not automatically amount to an improper personalization. State v. Allen, 81 S.W.3d 227, 229 (Mo. App. W.D. 2002). In any case, even if the prosecutor was asking the jurors to put themselves in the place of the victim, its request was isolated and, in context, the prosecutor was really asking the jurors to consider what the victim went through. The prosecutor repeatedly stated "think about [the victim]" during her closing argument. Movant has not shown an objection to the prosecutor's argument would have been meritorious. Movant has not proven the prosecutor's comment had a decisive effect on the jury.

Therefore, we find the motion court did not clearly err in finding that Movant's counsel was not ineffective for failing to object to the prosecutor's closing argument.

(Resp. Exh. K at 7-10).

Pursuant to Williams, 529 U.S. at 412-13, the Court will consider federal law applicable to the issue of Petitioner's Ground 3. Federal law provides that to prove ineffective assistance of counsel, a habeas petitioner must show that: "(1) his counsel so grievously erred as to not function as the counsel guaranteed by the Sixth Amendment; and (2) his counsel's deficient performance prejudiced his defense." Auman v. United States, 67 F,3d 157, 162 (8th Cir. 1995) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). The "performance" prong of Strickland requires a showing that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. To overcome this presumption, a petitioner must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.

Even if a petitioner satisfies the performance component of the analysis, he is not entitled to

- 18 -

relief unless he can prove sufficient prejudice.  Id. at 697.  To do so, petitioner must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 669.  The court is not required to "address both components of the [effective assistance of counsel] inquiry if [a petitioner] makes an insufficient showing on one [component]."  Id. at 697.

The Strickland Court further opined:

> Judicial scrutiny of counsel's performance must be highly deferential.  It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable.  A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.  Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."  There are countless ways to provide effective assistance in any given case.  Even the best criminal defense attorneys would not defend a particular client in the same way.

Id. at 688-89 (internal citations omitted).  Additionally, in Donnelly v. DeChristoforo, 416 U.S. 637, 642 (1974) (quoting Lisenba v. California, 314 U.S. 219, 236 (1941)), the United States Supreme Court held, in response to claims of constitutional error which focused on remarks of the prosecutor during closing argument, that "not every trial error or infirmity which might call for application of supervisory powers correspondingly constitutes a 'failure to observe that fundamental fairness essential to the very concept of justice.'"  The Court noted that the habeas petitioner in Donnelly claimed only that the prosecutor's remarks by themselves so infected his trial with unfairness as to make the resulting conviction a denial of due process.  The Supreme Court found that although the

- 19 -

prosecutor's allegedly improper remark in <u>Donnelly</u> was ambiguous, the remark did not render the

habeas petitioner's trial so fundamentally unfair as to deny him due process. <u>Id.</u> at 645.

 The Eighth Circuit has held:

  "To establish ineffective assistance of counsel for failing to object to a prosecutor's closing argument, [a habeas petitioner] must demonstrate, as in every ineffective assistance claim, not only that counsel's performance was deficient, but also that there is a reasonable probability that, but for counsel's failure to object, the result of the proceeding would have been different." We will grant habeas relief if the prosecutor's comments were so inappropriate as to make the trial fundamentally unfair and the resulting conviction a denial of due process.

<u>Middleton v. Roper</u>, 455 F.3d 838, 849 (8th Cir. 2006) (internal citations omitted).

 Additionally, the Eighth Circuit holds that a habeas petitioner claiming that he was denied due

process as a result of the prosecutor's remarks must show that the prosecutor's remarks were so

egregious that they fatally infected the proceedings and rendered the petitioner's entire trial

fundamentally unfair. <u>See</u> <u>Culkin v. Purkett</u>, 45 F.3d 1229, 1235 (8th Cir. 1995). A petitioner meets

this burden only by showing that absent the prosecutor's statement, there is a reasonable probability

that the jury would have rendered a different verdict. <u>Crespo v. Armontrout</u>, 818 F.2d 684, 687 (8th

Cir. 1987).

 The Missouri appellate court considered his claim that he received ineffective assistance of

counsel because his counsel failed to object during the prosecutor's closing argument. First, the

Missouri appellate court considered the testimony at Petitioner's trial and concluded in light of this

testimony the prosecutor's closing argument was reasonable. Thus, it cannot be said that the

prosecutor's argument was so "gross, conspicuously prejudicial or of such import that the trial was

fatally infected." <u>Culkin</u>, 45 F.3d at 1235. Next, the appellate court found that a failure to object

during closing argument is generally f unction of trial strategy. Further, the Missouri appellate court

- 20 -

considered the testimony and concluded that the closing argument asked the jurors to consider what the victim experienced.  Finally, the Missouri appellate court found that, even if the argument was improper, Petitioner did not establish that he was prejudiced.  Thus, Petitioner did not show that "but for' counsel's professional errors, the result would have been different.  See Kellogg v. Skon, 176 F.3d 447, 452 (8th Cir. 1999).  Likewise, the Missouri appellate court found that even if counsel had objected, such an objection would have been overruled.  See Holloway v. United States, 960 F.2d 1348, 1356 (8th Cir. 1982) (holding that there can be no prejudice where counsel fails to raise a non-meritorious issue).  As such, the Court finds that the decision of the Missouri appellate court in regard to the issue of Petitioner Ground 3 is not contrary to federal law and that it is a reasonable application of federal law.  See Williams, 529 U.S. at 412-13.  Additionally, the Missouri appellate court reasonably applied federal law to the facts of Petitioner's case.

Based on the above, the state court's decision denying Petitioner relief is well based on law and fact.  This Court is unaware of any "clearly established Federal law, as determined by the Supreme Court of the United States" of which the court's decision runs afoul, nor has Petitioner demonstrated such.  Therefore, it cannot be said that the state court's adjudication of the instant claim "resulted in a decision that was contrary to, or involved an unreasonable application of," clearly established federal law.  28 U.S.C. §2254(d)(1).  Neither has Petitioner shown that the court's determination "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2).  As such, the instant claim in Ground 3 should be denied.  28 U.S.C. §2254(d).  Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that Petitioner Willie Gibbs' petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Docket No. 1/filed April 7, 2009) be dismissed without further proceedings.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue in this cause inasmuch as petitioner has failed to make a substantial showing that he has been denied a constitutional right.

A separate Order of Dismissal will accompany this Memorandum and Order.


                                             /s/ Terry I. Adelman
                               UNITED STATES MAGISTRATE JUDGE

Dated this  1st  day of August, 2012.